```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON


SEAN GOINS,                      )
                                 )
     Petitioner,                 )   Civil Action No. 09-391-JMH
                                 )
vs.                              )
                                 )
WARDEN DEBORAH HICKEY,           )      MEMORANDUM OPINION
                                 )          AND ORDER
     Respondent.                 )
```

                    ***** ***** *****

Sean Goins is a prisoner incarcerated at the Federal Medical Center in Lexington, Kentucky. Goins has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2] Having reviewed the petition[1], the Court will deny relief because Goins has not exhausted his administrative remedies and because doing so would not be futile.

**I.   Factual Background.**

Following a jury trial, Goins was convicted of selling or distributing illegal narcotics in violation of 21 U.S.C.

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

§§ 841(a)(1) and 846. On April 11, 1996, he was sentenced to a 240-month term of incarceration. Goins's conviction and sentence were upheld against both direct and collateral attack. *United States v. Goins*, No. 95-CR-95, Middle District of Pennsylvania. [R. 188, 245] Goins's projected release date is November 24, 2012.

Before his transfer to FMC-Lexington on September 17, 2008, Goins voluntarily withdrew from the Life Connections Program at the federal prison in Petersburg, Pennsylvania on July 10, 2008, for the stated purpose of facilitating his transfer to FMC-Lexington to be closer to family in Detroit, Michigan.

By May 12, 2009, however, Goins had filed a grievance with the warden requesting either a transfer to a minimum security facility or return to FCC-Petersburg. In his May 29, 2009, denial, the warden cited Goins's history of institutional infractions and the application of a "Greater Security Management Variable" to his custody score. In July 2009, Goins reiterated his request for a transfer to his Unit Team, which was again denied. Following his program review in September 2009, he was again denied a transfer.

On September 21, 2009, Goins filed a new Form BP-229 grievance with the warden again requesting a transfer. On September 23, 2009, the warden denied the request, noting that Goins's twelve incident reports precluded placement in a prison camp, that he was appropriately classified as a low security inmate, and that his placement at FMC-Lexington was appropriate.

In his petition, Goins asserts that he is eligible for

placement in a Residential Re-Entry Center because he has served more than 80% of his sentence, but that the Bureau of Prisons has refused to even consider such a placement utilizing the factors set forth in 18 U.S.C. § 3621(b) before he has completed 90% of his sentence. Goins further contends that although he has not exhausted his administrative remedies with respect to this issue, he is excused from doing so on the ground that any such efforts would be futile because "the Bureau has adopted a uniform policy to "not" consider the five factors enumerated under 18 U.S.C. § 3621(b) when determining whether and when transfer a prisoner to a Halfway House or, Lesser security facility."

## II. Discussion

Goins has named the United States of America; the Federal Bureau of Prisons; FMC-Lexington; and Warden Deborah Hickey as respondents in this action. Because the only proper respondent to a petition for a writ of habeas corpus is the petitioner's immediate custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004), in this case the warden, the remaining named respondents will be dismissed as parties to this proceeding.

To the extent Goins seeks to challenge the BOP's refusal to transfer him to a minimum security prison or camp, the Court lacks jurisdiction to entertain his claim in a habeas petition. While this and other courts have permitted habeas challenges to the BOP's "10% Rule," through which the BOP categorically refused to transfer prisoners to community corrections centers ("CCC") prior to the

last ten percent of the inmate's sentence, it did so because "[c]arrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005). Holding such challenges cognizable in a habeas petition, the *Woodall* court expressly distinguished the BOP's actions from "a garden variety prison transfer." *Id*. The Third Circuit and other courts have since refused to permit a challenge to a prison transfer to proceed in a habeas action. *Ganim v. Federal Bureau of Prisons*, 2007 WL 1539942, **2 (3d Cir. 2007). This result is in accord with the long-established principle that "habeas corpus cannot be used to challenge a transfer between prisons ... unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about ... 'a quantum change in the level of custody.'" *Pischke v. Litscher*, 178 F.3d 497 (7th Cir. 1999).

To the extent Goins challenges the BOP's failure to transfer him to a RRC, his claim must be denied because he has failed to raise, let alone exhaust, the issue administratively before seeking habeas relief. Before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the BOP. *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (E.D.Ky. 2004); *Wesley v. Lamanna*, 2001 WL 1450759 (6th Cir. 2001). Goins's petition and supporting materials make clear that he has made no

effort to initiate, let alone complete, the inmate grievance process requesting transfer to a RRC. And while the exhaustion requirement may be waived where "the agency ... has evidenced a strong position on the issue together with an unwillingness to reconsider," *Colton*, 299 F.Supp.2d at 689-90, the wardens' responses to his grievances do not indicate any such refusal.

**III. CONCLUSION**

Accordingly, it is **ORDERED** that:

1. The United States of America; the Federal Bureau of Prisons; and FMC-Lexington are **DISMISSED** as parties to this proceeding.

2. Goins's petition for a writ of habeas corpus [R. 2] is **DENIED.**

3. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 7th day of January, 2010.



Signed By:
<u>Joseph M. Hood</u>
Senior U.S. District Judge